UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| KENT GILLESPIE, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 5:22-cv-00297-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| H CARGO LLC, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Hilti, Inc.'s Motion to Intervene. [R. 5.] Neither the Plaintiff nor the Defendants have objected or otherwise responded to the motion and the time for doing so has elapsed. See LR 7.1(c). For the reasons set forth below, Hilti's motion will be **GRANTED**.

**I**

Plaintiff Kent Gillespie originally filed this action in Madison Circuit Court. [R. 1-1.] He claims that he suffered injuries when he was struck by a vehicle negligently driven by the Defendant Manveer Bhatt on October 5, 2020. *Id.* at 3. He further claims that Mr. Bhatt was acting within the course and scope of his employment for the Defendant, H Cargo LLC, when the accident occurred. *Id.* The Defendants removed the matter to this Court, invoking its diversity jurisdiction under 28 U.S.C. § 1332. [R. 1.] Hilti then moved to intervene. [R. 5.]

According to the Intervening Complaint, Hilti is liable to pay workers' compensation benefits for Mr. Gillespie's injuries. [R. 5-2 at 2.] It has paid the Plaintiff indemnity and medical benefits and is liable for continuing payments. [R. 5-2 at 2.] It alleges that "it has an interest in

this action by virtue of the equitable doctrine of subrogation and/or its statutory subrogation rights pursuant to applicable workers' compensation law, including KRS 342.700." [R. 5-1 at 1.]

## II

Hilti cites the Kentucky Rule of Civil Procedure governing intervention. [R. 5-1 at 1.] Because the Court has diversity jurisdiction over this case, it applies Kentucky's substantive law. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 566 (6th Cir. 2001) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). However, the federal *procedural* rules apply. *Id.* ("The Federal Rules of Civil Procedure are the rules of practice which apply to civil actions in the federal courts, regardless of whether jurisdiction is based on federal question or diversity of citizenship.") (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993)). Accordingly, the Court applies the federal, not state, rules governing intervention. *See Kasprzak v. Allstate Ins. Co.*, No. 12-cv-12149, 2013 WL 1632542 at *1 (E.D. Mich. Apr. 16, 2023).

Federal Rule of Civil Procedure 24(a) governs intervention of right. Rule 24(a)(2) provides that, "[o]n timely motion, the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." According to the Sixth Circuit,

> [t]he criteria that must be satisfied before intervention as of right will be granted are: (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest absent intervention, and (4) inadequate representation of that interest by parties already before the court."

*United States v. Tennessee*, 260 F.3d 587, 591-92 (6th Cir. 2001) (citing *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)).

Rule 24(b) governs permissive intervention, and provides that, "[o]n timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising this discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). *See also Bradley v. Miliken*, 828 F.2d 1186, 1193-94 (6th Cir. 1987).

Hilti does not state whether it seeks intervention pursuant to Rule 24(a) or Rule 24(b). It states that it has an interest in the action, intervention will allow it to protect that interest, and that intervention will not prejudice any party. [R. 5-1 at 1.] The Court will permit Hilti to intervene under Rule 24(a). Its motion was timely, made prior to the entry of a Scheduling Order. Further, it asserts a substantial legal interest in this case that could be impaired absent intervention. If the Plaintiff in this case is successful, Hilti will be entitled to subrogation. Ky. Rev. Stat. § 342.700. It will lose its right to subrogation if it does not intervene. *See* Ky. Rev. Stat § 411.188(2); *see also Jones v. Midwest Poultry Servs, LP*, No. 3:17-cv-00225-CRS, 2017 WL 3082675, at 2 n.1 (W.D. Ky. July 19, 2017) (Explaining that although "[t]he Supreme Court of Kentucky held Kentucky Revised Statutes § 411.188(3) to be unconstitutional in *O'Bryan v. Hedgespeth*, 892 S.W.2d 571 (Ky. 1995)[,] [t]he Court of Appeals of Kentucky subsequently held that the rest of the statute remains in effect. *Gov't Emps. Ins. Co. v. Winsett*, 153 S.W.3d 862, 865 (Ky. Ct. App. 2004)."). Its interests are distinct from Mr. Gillespie because it seeks repayment for expenses it has already paid out. *See Jones*, 2017 WL 3082675, at *2.

Courts frequently grant motions to intervene in similar circumstances. *See, e.g.*, *id.*; *Marquez-Warner v. Campus Crest at Louisville, LLC*, No. 3:15-cv-172-DJH-CHL, 2018 WL 11446385 (W.D. Ky. Apr. 6, 2018). Hilti's intervention serves the interest of judicial economy

by allowing the Court to consider all the issues arising from the same event in one lawsuit. And the fact that the original parties to this litigation have not objected to Hilti's motion tips the balance in favor of permitting intervention.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** As follows:

1. Hilti, Inc.'s Motion to Intervene [R. 5] is **GRANTED**; and
2. The Clerk of the Court is directed to file the Intervening Complaint [R. 5-2] in the record as of the date of entry of this Order.

This the 22nd day of June, 2023.

Gregory F. Van Tatenhove
United States District Judge